129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberta S. BELL, Plaintiff-Appellant,
v.
PACIFIC BELL DIRECTORY, Defendant-Appellee.
 No. 95-55744.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
 Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roberta S. Bell ("Bell") appeals pro se the district court's summary judgment for Pacific Bell Directory in her action alleging breach of contract under California law. The district court held that (1) the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141-87, preempted Bell's state law claim, (2) Bell's federal claim under section 301 of the LMRA was time-barred, and (3) even if Bell's claim under the LMRA was not time-barred, there was no evidence that Bell's union breached its duty of fair representation. We have jurisdiction pursuant to 28 U.S.C. § 1291 We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 142.1 (9th Cir.1989), and we affirm.
 
 
 3
 We reject Bell's contention that the district court erred by concluding that her state law claim was preempted by the LMRA because several provisions of the collective-bargaining agreement related to her claim. See Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 405-06 (1988) (stating that "if the resolution of the state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is preempted ..."); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987).
 
 
 4
 Even assuming that Bell's section 301 claim was timely, the district court properly granted summary judgment because Bell failed to present any evidence raising a triable issue of fact as to whether Bell's union breached its duly of fair representation. See Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390, 1397 (9th Cir.1985) (stating that "a union does not breach its duty of representation by failing to give a grievant notice and an opportunity to attend a grievance hearing where the issue is the proper construction of a collectible bargaining agreement"); Singer v. Flying Tiger Line, Inc., 652 F 2d 1349, 1354 (9th Cir.1981) (stating that a union's duty is breached only where its conduct is arbitrary, discriminatory or in bad faith).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Bell's request for oral argument is denied. See Fed.R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3